IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY SPENCE, GLORIA SPENCE, | § | |
| RICARDO SPENCE, and JERMAINE | § | |
| SINCLAIR, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1476 |
| | § | |
| BAC HOME LOAN SERVICING, L.P., | § | |
| BANK OF AMERICA, N.A., BANK OF | § | |
| NEW YORK MELLON, TRUSTEE, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendants' Motion for Judgment on the Pleadings (Doc. 30) and Plaintiffs' Motion for Dismissal of Complaint Without Prejudice (Doc. 37).  The court has considered the motions, Defendants' response to Plaintiffs' motion, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendants' motion be **DENIED** and Plaintiffs' motion be **GRANTED**.

## I.  Case Background

Plaintiffs filed this case in state court in early 2011,[2] alleging that Defendants violated the automatic stay provisions of

---

[1]    This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Doc. 3.

[2]    Plaintiffs filed an original petition in January 2011 but withdrew it before service; then, they filed an amended petition in March 2011, which Defendants received.  See Doc. 6, Supplement to Notice of Removal of Civil Action p. 1 n.2.

the U.S. Bankruptcy Code[3] by foreclosing on a piece of real property located at 822 Andrews Street, Houston, Texas, 77019, ("Property").[4] Plaintiffs also raised claims of wrongful foreclosure, promissory estoppel/detrimental reliance, unjust enrichment, statutory fraud, and a violation of the Texas Property Code.[5] Defendants removed the action to this court in April 2011.[6]

**A.   Factual Background**

Plaintiff Gloria Spence executed a mortgage with Defendant Bank of America ("BOA") to purchase the Property as an investment.[7] She executed "grant deeds" transferring partial interest in the Property to her sons, Plaintiffs Ricardo and Anthony Spence, and her grandson, Jermaine Sinclair.[8] The deeds were notarized in late 2007 or early 2008, at which time the mortgage payments were current.[9] The original deeds were "misplaced," and a replacement deed was notarized and recorded in Harris County in May 2009.[10]

Plaintiff Jermaine Sinclair ("Sinclair") filed a bankruptcy

---

[3]    11 U.S. § 362.

[4]    See Doc. 6, Ex. B to Supplement to Notice of Removal of Civil Action, Pls.' 1st Am. Pet. & Appl. for Ex Parte TRO.

[5]    See id. pp. 3-10.

[6]    See Doc. 1, Notice of Removal of a Civil Action; Doc. 6, Supplement to Notice of Removal of Civil Action.

[7]    Doc. 6, Ex. B to Supplement to Notice of Removal of Civil Action, Pl. Anthony Spence's Aff. pp. 1, 2.

[8]    Id. p. 1.

[9]    Id.

[10]    Id.

petition in California on May 28, 2009, admittedly in order to prevent foreclosure on the Property and to allow additional time to repay all past due mortgage payments.[11]   Plaintiff Sinclair listed the Property in the bankruptcy schedules as an asset and listed the law firm handling the Property's foreclosure ("Foreclosing Law Firm") and Countrywide Home Loans as creditors.[12]   A copy of Plaintiff Sinclair's bankruptcy filings and the recorded deed conveying partial interest of the Property to Plaintiff Sinclair were faxed to the Foreclosing Law Firm.[13]

On July 7, 2009, the Foreclosing Law Firm conducted a foreclosure sale of the Property on behalf of Defendant BOA.[14]   At some time between mid-July and mid-August 2009, BOA offered to pay three thousand dollars to the tenants of the Property in exchange for relinquishing possession of the Property, and the tenants accepted.[15]   In August 2009, Plaintiffs contacted BOA's Bankruptcy Department and learned that the Foreclosing Law Firm never notified BOA of Plaintiff Sinclair's bankruptcy.[16]   Plaintiffs then sent the bankruptcy documents to BOA directly, and BOA returned possession

---

[11]   Id.

[12]   Id. pp. 1-2; Doc. 7-4, Ex. B to Defs.' Mot. to Dismiss Dated Apr. 25, 2011, Pl. Sinclair's Bankruptcy Schedule pp. 0042, 0043, 0046.

[13]   See Doc. 6, Ex. B to Supplement to Notice of Removal of Civil Action, Pl. Anthony Spence's Aff. pp. 1-2.

[14]   See id. p. 2.

[15]   Id.

[16]   Id.

of the Property to Plaintiffs.[17]

On October 12, 2009, BAC Home Loan Servicing, L.P., ("BAC") filed for relief from the automatic stay in the U.S. Bankruptcy Court for the Central District of California on behalf of Defendant Bank of New York Mellon, the post-foreclosure title owner.[18]  Before ruling on that motion, the bankruptcy court dismissed Plaintiff Sinclair's bankruptcy petition on October 20, 2009, and lifted the automatic stay from the Property.[19]

In November 2010, after BAC Home Loan Servicing, L.P., ("BAC") denied Plaintiff Gloria Spence a loan modification on the Property, BAC offered the Property's new tenant three thousand dollars to relinquish the Property.[20]  Plaintiffs then contacted BAC's realtor concerning Plaintiff Sinclair's bankruptcy case, and the realtor forwarded the bankruptcy documents to BAC. [21]  BAC canceled the agreement with Plaintiffs' tenant but reinstated it a few days later citing the October 2009 dismissal of Plaintiff Sinclair's bankruptcy proceeding.[22]  Plaintiffs' tenant accepted the offer and relinquished possession of the Property in early January 2011.[23]

---

[17]    Id.

[18]    See Doc. 7, Defs.' Mot. to Dismiss Dated Apr. 25, 2011 p. 3; Doc. 17, Mot. to Abate p. 2.

[19]    See Doc. 7, Defs.' Mot. to Dismiss Dated Apr. 25, 2011 p. 3; Doc. 17, Mot. to Abate p. 2.

[20]    Doc. 6, Ex. B to Supplement to Notice of Removal of Civil Action, Pl. Anthony Spence's Aff. p. 3.

[21]    Id.

[22]    See id.

[23]    Id.

**B.**   **Procedural History**

Shortly after removing the case, Defendants filed a motion to dismiss with exhibits attached.[24]  On May 18, 2011, the court held a scheduling conference and notified the parties that it would treat the motion as one for summary judgment under Federal Rule of Civil Procedure ("Rule") 56 as allowed by Rule 12(d). [25]  The court set June 1, 2011, as the deadline for Plaintiffs' response. [26]  Plaintiffs timely filed their response.[27]

On July 13, 2011, the court held a hearing regarding Defendants' dispositive motion.[28]  The court recommended mediation within forty-five days and allowed additional time for briefing if the case did not settle.[29]

On August 23, 2011, Defendants filed an unopposed motion to abate this case while they sought to reopen Plaintiff Sinclair's bankruptcy case to seek a retroactive annulment of the automatic stay.[30]  The court granted Defendants' motion and ordered that status reports be regularly filed.[31]  While this case was abated,

---

[24]   See Doc. 7, Defs.' Mot. to Dismiss Dated Apr. 25, 2011.

[25]   See Doc. 12, Min. Entry Dated May 18, 2011.

[26]   See id.

[27]   See Doc. 13, Pls.' Resp. to Defs.' Mot. to Dismiss Dated Apr. 25, 2011.

[28]   See Doc. 16, Min. Entry Dated July 13, 2011.

[29]   See id.

[30]   See Doc. 17, Mot. to Abate pp. 1, 3.

[31]   See Doc. 18, Order Dated Aug. 30, 2011.

Defendants withdrew their dispositive motion without prejudice.[32]

On June 26, 2012, the bankruptcy court granted Defendants' motion and retroactively annulled the automatic stay.[33]  On July 19, 2012, Plaintiff Sinclair appealed the decision.[34]  On May 28, 2013, the U.S. Bankruptcy Appellate Panel of the Ninth Circuit ("Bankruptcy Appellate Panel") affirmed the bankruptcy court's decision after Plaintiff Sinclair failed to appear for oral argument.[35]  On August 1, 2013, the Bankruptcy Appellate Panel denied Plaintiff Sinclair's emergency motion to extend time to file an appeal, an order that became final by operation of law on September 3, 2013.[36]  At that time, the bankruptcy court's order retroactively annulling the stay was final.[37]

On November 15, 2013, Defendants filed the pending Motion for Judgment on the Pleadings.[38]  The court lifted the stay in this action on February 7, 2014.[39]  In the order, the court allowed Plaintiffs twenty-one days from that date to file a response to Defendants' pending motion.[40]

--------

[32]    See Doc. 21, Notice of Withdrawal of Mot. to Dismiss Dated Apr. 25, 2011.

[33]    See Doc. 25, Status Report Dated Aug. 2, 2012 p. 2.

[34]    See id.

[35]    See Doc. 28, Status Report Dated May 31, 2013 p. 2.

[36]    See Doc. 29, Status Report Dated September 5, 2013 p. 2.

[37]    See id.

[38]    See Doc. 30, Defs.' Mot. for J. on the Pleadings.

[39]    See Doc. 32, Order Dated Feb. 7, 2014.

[40]    See id.

Plaintiffs failed to timely respond and, instead, filed a motion for an extension of twenty-eight days to do so.[41]  In their motion, Plaintiffs represented that their attorney had not been in communication with them and that they were unable to reach her.[42]  Plaintiffs stated that they had asked the attorney to file a notice of withdrawal with the court so that they could represent themselves.[43]  The court granted Plaintiffs' motion, setting April 14, 2014, as the deadline for their response.[44]  Plaintiffs failed to meet that deadline.  On May 5, 2014, Plaintiffs filed the pending Motion for Dismissal of Complaint Without Prejudice.[45]

## II.  Legal Standard

Pursuant to Rule 41(a), a plaintiff may dismiss a case voluntarily.  To do so without a court order, the plaintiff must file "a notice of dismissal before opposing party serves either an answer or a motion for summary judgment" or "a stipulation of dismissal signed by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1).  The dismissal is without prejudice unless the notice or stipulation states that it is with prejudice.  Id.  A dismissal under Rule 41(a)(1) generally results in immediate termination of the suit.  Bailey v. Shell W. E&P Inc., 609 F.3d 710, 719 (5th Cir.

---

[41]    See Doc. 34, Pls.' Mot. for Extension of Time.

[42]    See id.

[43]    See id.

[44]    See Doc. 35, Order Dated Mar. 18, 2014 p. 2.

[45]    See Doc. 37, Pls.' Mot. for Dismissal of Compl. Without Prejudice.

2010)(citing <u>Harvey Specialty & Supply, Inc. v. Anson Flowline</u>, 434
F.3d 320, 324 (5th Cir. 2005)).[46]

    "Dismissal under Rule 41(a)(1) is a matter of right running to
the plaintiff and may not be extinguished or circumscribed by
adversary or court." <u>Id.</u> (quoting <u>Am. Cyanamid Co. v. McGhee</u>, 317
F.2d 295, 297 (5th Cir. 1963))(internal quotation marks omitted).
The bottom line is that a Rule 41(a)(1) dismissal puts the plaintiff
is the same legal position as if he had never brought the action.
<u>Harvey Specialty & Supply, Inc.</u>, 434 F.3d at 324.  It is not a final
judgment and allows a plaintiff to return to the same court or
another court at a later date with the same claim.  <u>Id.</u>

## III. Discussion

    Plaintiffs have requested that the court dismiss this action
without prejudice.  Their motion states that they were unable to
respond to Defendants' pending motion by April 14, 2014, because the
order was mailed to former counsel and not received by Plaintiffs
in a timely manner.  No further explanation is given for their
request to dismiss this action.  Defendants argue in response that
this action has been litigated for many years before this court and
the bankruptcy court in California.  They request that the court

---

    [46]    In <u>Bailey</u>, the Fifth Circuit found that the district court erred in
imposing prejudice on a plaintiff's Rule 41(a) notice of dismissal.  <u>Bailey</u>, 609
F.3d at 719.  However, the court determined that it was harmless error because
dismissal of a qui tam action, which was the type of action the plaintiff sought
to dismiss, cannot be dismissed without the consent of the court and the U.S.
Attorney General.  <u>Id.</u>  The court also noted that Rule 41(a) only applies to the
dismissal of an entire action.  <u>Id.</u> at 720.

either dismiss the case with prejudice or deny Plaintiffs' motion entirely and rule on Defendants' pending motion for judgment on the pleadings.

Although Plaintiffs, who are proceeding pro se, filed a motion rather than a notice and did not mention Rule 41(a) or voluntary dismissal, the court finds that their request complies with Rule 41(a)(1)(A)(i).[47] Defendants did not file an answer or a motion for summary judgment in this action.  If they had filed either one before Plaintiffs filed their motion to dismiss, Defendants could have limited Plaintiffs' right to dismiss the lawsuit voluntarily.[48]

Defendants complain that this litigation has spanned four years from when they first became involved in Plaintiff Sinclair's bankruptcy action in California to the present. Yet, it was Defendants who chose to return to the California bankruptcy court, after this case was filed in 2011, to seek a retroactive annulment of the automatic stay.  This case was abated for nearly two and one-half years while Defendants pursued (and obtained) that relief.  The lawsuit brought by Plaintiffs has been actively pending before this court for far less time — less than seven months in total.

Defendants attempt no legal argument in their response to

---

[47]     In Bailey, the Fifth Circuit noted that the plaintiff's notice of dismissal referenced only Rule 41(a) but that it was governed by Rule 41(a)(1)(A)(i).  Bailey, 609 F.3d at 718.

[48]     Defendants filed a motion to dismiss that the court indicated it would treat as a motion for summary judgment, but Defendants moved to abate the case and, subsequently, withdrew the motion before the court considered it.

convince the court that dismissal without prejudice under Rule 41(a)(1) is inappropriate under the circumstances presented here. This case should be dismissed without prejudice.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' motion be **DENIED** and Plaintiffs' motion be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of May, 2014.

Nancy K. Johnson
United States Magistrate Judge

10